# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CHERI ANN HUTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15-cv-02411-STA-cgc |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OMNIBUS ORDER ON MOTIONS IN LIMINE

On January 26, 2017, the Court conducted a final pretrial conference with counsel for both parties. A jury trial is set to commence on February 6, 2017. Before the Court are a number of Motions in Limine filed by the parties. The parties having completed their briefing of the Motions, the Court's rulings on the parties' Motions are set forth below.

**I. Exclusion of Defendant's Undisclosed Witnesses**

In her first Motion in Limine (ECF No. 77), Plaintiff Cheri Ann Hutson asks the Court to preclude the following witnesses from offering testimony at trial: Karen Keaton, Debi Minnick, Marie W. Harper, Theresa Westcott, and any other witness not specifically identified by Defendant in its Rule 26 initial disclosures or in response to Plaintiff's interrogatories. Plaintiff asserts that Defendant did not identify any of these specific witnesses in its initial disclosures in December 2015 or in its responses to Plaintiff's first set of interrogatories in February 2016. Defendant never supplemented its initial disclosures or its discovery responses within the Court's deadline for completing all discovery. Defendant disclosed these witnesses for the first time in

its Witness List (ECF No. 71) and thereafter in the proposed joint pretrial order. Plaintiff argues that exclusion of these witnesses is mandatory under Federal Rule of Civil Procedure 37(c)(1).

In its response brief, Defendant concedes that it will not call Marie W. Harper or Theresa Westcott as witnesses at trial. Defendant argues that its failure to disclose Keaton or Minnick was harmless. Both witnesses were mentioned throughout the discovery process, in written discovery and in the testimony of other witnesses. Minnick is a female senior manager in Defendant's Global Operations Center ("GOC"). Keaton has firsthand knowledge of Plaintiff's internal EEO complaint and her guaranteed fair treatment process ("GFTP") as well as general knowledge of Defendant's senior manager selection system ("SMSS"). Defendant intends to call Keaton because another witness Matthew Coleman who also has knowledge of these subjects is unable to attend the trial for medical reasons. Defendant argues that exclusion of Minnick and Keaton is not required.

Federal Rule of Civil Procedure 37(c)(1) mandates the exclusion of any information or witness at trial if the proponent of the information or witness fails to disclose it during discovery, unless the party's failure to make the disclosure was substantially justified or harmless. "Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material."[1] Rule 26(e)(1)(A) requires a party to supplement its initial disclosures only if a witness "has not otherwise been made known to the other parties during the discovery process."[2] Defendant has shown that Karen Keaton and Debi Minnick were made known to

---

[1] *Sexton v. Uniroyal Chem. Co.*, 62 F. App'x 615, 616 n.1 (6th Cir. 2003) (citation and internal quotation marks omitted).

[2] *Baker Hughes Inc. v. S&S Chem., LLC*, 836 F.3d 554, 568 (6th Cir. 2016) (quoting Fed. R. Civ. P. 26(e)(1)(A)).

Plaintiff during the discovery process. And Defendant has conceded that it does not intend to call Marie W. Harper or Theresa Westcott. Therefore, Plaintiff's Motion in Limine is **DENIED**.

**II. Proof About Plaintiff's Internal EEO and GFTP**

In her second Motion in Limine, Plaintiff seeks the exclusion of proof about the findings or results of her internal EEO and GFTP investigations that were commenced as a result of Plaintiff's complaints of discrimination. Plaintiff argues that this proof is irrelevant and any relevance it might possess is outweighed by its prejudicial effect. Defendant responds that Plaintiff has listed two witnesses in the joint pretrial order who will testify about her internal EEO and GFTP complaints. If Plaintiff elicits testimony about her internal EEO and GFTP, Defendant argues that the Court should allow it to explore the same subjects. The proof is also relevant to Plaintiff's theory of a pattern or practice of gender discrimination in the GOC and to the issue of whether Defendant denied her the promotion with discriminatory intent.

In light of the fact that Plaintiff has listed witnesses with knowledge of her internal EEO and GFTP complaints as well as witnesses who intend to testify about the emotional distress experienced by Plaintiff as a result of her internal grievances, the Court will reserve ruling on the Motion.

**III. Proof of EEOC Charge**

In her third and final Motion in Limine (ECF No. 79), Plaintiff asks the Court exclude any evidence about her EEOC charge and the exhaustion of her administrative remedies. Defendant stated at the pretrial conference that it did not oppose Plaintiff's Motion. Therefore, Plaintiff's Motion is **GRANTED**.

## IV. "Me Too" or "Other Acts" Evidence

In its first Motion in Limine (ECF No. 80), Defendant seeks the exclusion of any proof offered by Plaintiff "from non-party employees regarding their own allegations or complaints of discrimination; testimony and other evidence regarding Christi Free's non-selection for a GOC manager position; testimony and other evidence regarding Ronda Doyle's demotion; and testimony and other evidence regarding employees' opinions about Defendant's general treatment of female employees and/or employees who complain of discrimination." Defendant argues that the proof is irrelevant, unfairly prejudicial, and otherwise improper character and opinion evidence. Plaintiff responds that she does not intend to call Free to testify "about whether she was discriminated against in any promotion decision," whether she suffered retaliation for complaints about the process, or about her lawsuit against Defendant. Plaintiff also responds that she will not call Doyle to testify about her claims of discrimination or retaliation. Plaintiff reserves her right to introduce such proof if Defendant opens the door to these issues in its questioning of Free or Doyle at trial. Based on Plaintiff's response, Defendant's Motion is **GRANTED**, subject to Plaintiff's reservation of rights.

## V. Testimony of Non-Party Witness Without Firsthand Knowledge of Plaintiff's 2013 Promotion Process

In its second Motion in Limine (ECF No. 81), Defendant argues that the Court should exclude any witness who will testify about Defendant's alleged pattern or practice of not hiring women for management positions. Specifically, Defendant states that Plaintiff may call Norman Wilcox, Ronda Doyle, and Kristi Free to offer testimony about the alleged pattern or practice. And Defendant argues that the Court should likewise exclude any witness who lacks firsthand knowledge of the decision not to hire Plaintiff for the 2013 senior manager position in GOC. These witnesses include Wilcox, Doyle, Free, John Allison, John Dunavant, Sele Williamson,

4

Beth Rush, and David Kintzele. Defendant contends that this testimony is irrelevant and unfairly prejudicial.

Plaintiff responds that she is removing Dunavant, Allison, Wilcox, and Williamson from her "may call" list of witnesses. Plaintiff requests that the Court reserve ruling on the admissibility of the testimony of the other witnesses until trial. Plaintiff indicates that she will make a proffer of the testimony to allow the Court to decide whether the testimony is relevant and admissible. According to Plaintiff, Doyle will testify about the subjectivity of the hiring process in the GOC. Rush and Kinzele will testify about Plaintiff's damages, in particular the emotional distress she experienced as a result of the GFTP process and her lawsuit.

Based on Plaintiff's decision not to call all of the witnesses named in the Motion in Limine, Defendant's Motion is **GRANTED**. This leaves the question of whether Doyle, Rush, and Kinzele have firsthand knowledge of facts relevant to Plaintiff's claim. The Court will reserve ruling on the admissibility of the specific testimony to be offered by Doyle, Rush, and Kinzele. The Court will take up Plaintiff's request to make a proffer and the admissibility of the testimony at trial.

**VI. Plaintiff's Failed Attempt to Obtain a Position in 2007**

In its third Motion in Limine (ECF No. 82), Defendant asks the Court exclude proof of Plaintiff's previous bid for a senior manager position in GOC in 2007. Defendant argues that the fact that Plaintiff was not successful in her previous application for a senior manager position is not relevant. Plaintiff responds that she does not intend to litigate the merits of her previous attempt for the position. Based on Plaintiff's concession, Defendant's Motion is **GRANTED**.

Plaintiff does argue that the proof about the 2007 promotion process is relevant in two ways. Her previous application for a senior manager position provides relevant background

information, showing her desire to return to the GOC. And during her previous bid for a position, Paul Tronsor, the managing director of GOC, remarked to Ronda Doyle that he was impressed with Plaintiff's qualifications. The Court need not reach Plaintiff's argument here because it is beyond the scope of Defendant's Motion in Limine, which simply presented the question of whether Plaintiff should be allowed to introduce evidence about what happened in 2007 to support her claim of discrimination about what happened in 2013. Plaintiff's additional argument can be addressed at trial, if need be.

**VII. Weather TAF Decode and Weather Code Definitions**

Defendant's fourth Motion in Limine (ECF No. 83) seeks to exclude any evidence about weather code definitions from aviationweather.gov and a weather TAF decoder from the National Oceanic and Atmospheric Administration ("NOAA"). Defendant argues that these outside sources were not consulted or relied upon in making the decision not to hire Plaintiff for the 2013 senior manager position. Plaintiff has responded that she does not intend to introduce this evidence at trial. Therefore, Defendant's Motion is **GRANTED**.

**VIII. "History and Pattern" Evidence of Excluding Women from Management in GOC**

Defendant's fifth Motion in Limine (ECF No. 84) asks the Court to exclude any proof of an alleged "history and pattern" of excluding women from management in GOC and any testimony from Hutson suggesting a basis for or motivation behind hiring decisions of which she was not a part. Based on Plaintiff's summary judgment brief, Defendant anticipates that Plaintiff will seek to introduce evidence of Defendant's hiring practices in GOC and the underrepresentation of women in GOC management. Defendant argues that pattern or practice evidence is not relevant in an individual disparate treatment case such as Plaintiff's. Defendant further argues that even if the proof is relevant, each hiring situation cited by Plaintiff involved

different decisionmakers, different positions, and other factors, all of which make the proof of the other hiring decisions irrelevant. The proof would also risk jury confusion and require a series of trials within the trial to assess the merits of each hiring decision. Finally, the proof is inadmissible because it calls for improper lay opinion.

Plaintiff answers that the evidence is relevant and admissible to show intent and motive. According to Plaintiff, only one woman has successfully competed for a management position in GOC during Tronsor's tenure as managing director. Plaintiff argues that according to Defendant's Manager Affirmative Action Program ("MGRAAP"), women are under-utilized in the GOC, and managers like Tronsor are regularly prompted to take action to correct the under-utilization of protected groups of employees. Ronda Doyle will also testify that she brought this issue to Tronsor's attention. However, the proof will show that Tronsor continued to hire males to fill open managerial positions. Plaintiff argues that this proof constitutes circumstantial evidence of discriminatory intent.

Both parties' positions are true, as far as they go. Defendant correctly argues that "the pattern-or-practice method of proving discrimination is not available to individual plaintiffs."[3] But even then, "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment under the *McDonnell Douglas* framework," just not as the sole means of establishing a prima facie claim.[4] In "*McDonnell Douglas* itself, [the Supreme Court] noted that an employer's general policy and practice with respect to minority employment—including statistics as to that policy and practice—could be evidence of pretext."[5]

---

[3] *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004) (citing *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984)).

[4] *Id.*

For her part Plaintiff cites for support cases where statistical proof showing a pattern of conduct was admitted as circumstantial evidence of discrimination against an individual.[6] "Appropriate statistical data showing an employer's pattern of conduct toward a protected class as a group can, if unrebutted, create an inference that a defendant discriminated against individual members of the class."[7] However, statistics are "valid and helpful in a discrimination case" only to the extent that "the methodology and the explanatory power of the statistical analysis" sufficiently "permit an inference of discrimination."[8] Specifically, "the statistics must show a significant disparity and eliminate the most common nondiscriminatory explanations for the disparity."[9]

The Court holds that Plaintiff's proposed evidence of a pattern or pattern fails this standard. Plaintiff has not actually cited statistical evidence but rather a history of hiring decisions in the GOC since 1986. The Court finds that the relevant evidence is limited to the hiring decisions in the GOC since Paul Tronsor assumed his role as managing director in October 2006.[10] According to Plaintiff, women have applied for management positions in the GOC sixteen times during Tronsor's tenure. Only one time did a woman get the job. Despite the

---

[5] *Young v. United Parcel Serv., Inc.*, 135 S.Ct. 1338, 1355 (2015) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-805 (1973) (internal quotation marks omitted)).

[6] Pl.'s Resp. in Opp'n 5 (ECF No. 91) (citing *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1466 (6th Cir. 1990) and *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1363 (9th Cir. 1985)).

[7] *Conner v. State Farm Mut. Auto. Ins. Co.*, 273 F. App'x 438, 442–43 (6th Cir. 2008) (citing *Barnes*, 896 F.2d at 1466).

[8] *Amini v. Oberlin College*, 440 F.3d 350, 359 (6th Cir. 2006) (quoting *Rocha v. Great Am. Ins. Co.,* 850 F.2d 1095, 1101 (6th Cir. 1988)).

[9] *Bender v. Hecht's Dep't Stores,* 455 F.3d 612, 622 (6th Cir. 2006) (quoting *Barnes*, 896 F.2d at 1466).

[10] *Conner*, 273 F. App'x at 442–43 ("Conner's statistical analysis does little to support her position because . . . the analysis is not limited to decisions made by Dan Brooks-the primary decision-maker here.").

obvious disparity in hiring women for these positions, the Court has serious doubts that such a small sample size has probative value.[11] Even assuming this small sample is sufficient to "permit an inference of discrimination," Plaintiff has not shown that she can "eliminate the most common nondiscriminatory explanations for the disparity."[12] Of the sixteen hiring decisions involving women, fourteen of the hires were for a position as manager. In this case Plaintiff was already in management (albeit in another department) and applied to be a senior manager in GOC. Her pattern and practice evidence then consists of only two hiring decisions where a woman applied to be a senior manager in GOC: her bid for senior manager in 2007 and her bid for senior manager in 2013. At this stage of the case, Plaintiff has not shown that (1) Defendant's hiring process for managers is comparable to the hiring process for senior managers; (2) the qualifications for managers and senior managers are similar in relevant respects; or (3) the candidates, male and female, in each instance were otherwise similarly situated. In short, Plaintiff's evidence of a pattern or practice arguably includes only two relevant hiring decisions, both of which involved Plaintiff applying for a position as a senior manager in the GOC. The Court concludes that this evidence does not suffice to demonstrate a pattern or practice. Therefore, Defendant's Motion in Limine is **GRANTED**.

**IX. Failure to Disclose Damages**

In its sixth Motion in Limine (ECF No. 85), Defendant argues that Plaintiff failed to make proper disclosures of her damages calculations during the discovery period. Plaintiff's

---

[11] *Tinker v. Sears, Roebuck & Co.*, 127 F.3d 519, 524 (6th Cir. 1997) ("A sample which is too small can undermine the probative value of the statistical evidence.") (holding that a sample of 13 cases was too small to be indicative of discrimination and citing *Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 943 (6th Cir. 1987)).

[12] *Bender*, 455 F.3d at 622.

initial disclosures stated that the amount of her lost wages and benefits was unknown and that she would supplement the information at the close of discovery. Defendant asserts that Plaintiff never supplemented her initial disclosures or her written discovery responses during the regular discovery phase. Defendant only received a computation of Plaintiff's damages claim in the proposed pretrial order. Defendant argues then that exclusion of the proof is mandatory. Plaintiff responds that her failure to supplement her initial disclosures or written discovery responses was harmless. Plaintiff testified about her calculation of damages during her deposition. Other information about Plaintiff's current salary and what her salary would have been as a senior manager was already known to Defendant. As such, exclusion of the evidence is not required.

The Court finds that Plaintiff's failure to disclose the precise amount of her claim for damages was harmless. The Sixth Circuit has held that the exclusion of damages evidence is an abuse of discretion when the defendant "had all the information relevant to the computation of damages in its possession" and "had a full opportunity during [the plaintiff's] deposition to question [her] about damages."[13] Defendant was obviously in possession of other relevant facts about the amount of Plaintiff's wages and benefits and the amount of wages and benefits to which Plaintiff would have been entitled had she received the position. Defendant also questioned Plaintiff during her deposition about the elements of her claim for damages and the method by which Plaintiff would calculate the amount of the damages. Therefore, Defendant's Motion is **DENIED**.

---

[13] *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Jordan v. City of Cleveland,* 464 F.3d 584, 601 & n.22 (6th Cir. 2006)); *see also Vance ex rel. Hammons v. United States*, 182 F.3d 920, at *5 (6th Cir. 1999) "[The] Advisory Committee Notes to [the] 1993 Amendments [to Rule 37(c)(1)] . . . strongly suggest[ ] that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.").

## X.  Award of Front Pay

Defendant's final Motion in Limine (ECF No. 86) argues that the Court should not permit Plaintiff to introduce any proof or claim for an award of front-pay to the jury. The Court and the Court alone can make an award of front-pay. Plaintiff has agreed in her response that the issue of front-pay is reserved to the Court. Plaintiff points out that the parties' proposed joint pretrial order states as much. Based on the parties' apparent agreement on this issue, Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  February 1, 2017.