# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHERI ANN HUTSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 15-2411-STA-cgc |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Before the Court is Plaintiff Cheri Ann Hutson's Motion for New Trial (ECF No. 122) filed on March 6, 2017. Defendant Federal Express Corporation has responded in opposition, and Plaintiff has filed a reply brief. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On June 17, 2015, Plaintiff initiated this action by filing *pro se* a Complaint against Defendant Federal Express Corporation ("FedEx") and several individual FedEx employees. Plaintiff subsequently retained counsel and filed a First Amended Complaint (ECF No. 32) against FedEx only alleging a claim for gender discrimination in violation of Title VII of the Civil Rights Act of 1964. The Court granted in part and denied in part FedEx's Rule 56 motion for summary judgment, holding that genuine issues of material fact remained. Trial commenced on Plaintiff's claims on February 6, 2017. After a four-day trial, the jury returned a verdict in favor of Defendant on February 9, 2017. The Court entered its judgment the same day.

In the Motion before the Court, Plaintiff requests a new trial pursuant to Rule 59 of the

1

Federal Rules of Civil Procedure. Plaintiff argues that the Court erred by excluding two pieces of circumstantial evidence: proof that Defendant underutilized females in management positions within the Global Operations Center ("GOC") and the testimony of Ronda Doyle about comments made by Paul Tronsor. With respect to the hiring data, Plaintiff argues that the Court improperly excluded data on the number of females serving as managers in GOC at the time of Plaintiff's adverse hiring decision. While the Court allowed Plaintiff to show how many females were senior managers in GOC (the open position for which Plaintiff was denied the promotion), the Court did not permit Plaintiff to show how many females served as managers and in other positions in GOC in 2013. Tronsor, the Managing Director for GOC in 2013, would have been aware of the data and the disparity in females serving in management throughout GOC. Plaintiff contends that the evidence would have been relevant circumstantial proof to establish Tronsor's discriminatory motive.

As for the Doyle testimony, Plaintiff argues that the exclusion of certain portions of her testimony denied the jury an opportunity to hear evidence about Paul Tronsor's influence on the hiring process. The Court did not allow Doyle to testify about her own experience in conducting hiring processes with Tronsor because Doyle had never used the system (known as SMSS) utilized in Plaintiff's promotions process. But Plaintiff's proffer showed that the old system was similar in most respects to the SMSS system. According to Plaintiff, Doyle would have testified about how Tronsor could influence the process and shape the outcome of the hiring decision using the old system. The Court also did not allow Doyle to testify about inappropriate comments made by Tronsor in another hiring situation, a comment which Plaintiff believes would tend to show Tronsor's gender bias. Plaintiff argues then that these evidentiary rulings were erroneous and that the rulings entitle her to a new trial.

2

## STANDARD OF REVIEW

Under Rule 59, after a jury trial, a court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). A new trial is appropriate when the jury reaches a seriously erroneous result as evidenced by (1) the verdict being against the clear weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias. *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509–10 (6th Cir. 2013) (citing *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012) (internal quotation marks and brackets omitted). Furthermore, "a motion for a new trial will not be granted unless the moving party suffered prejudice." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). In this regard the party seeking a new trial has the burden to show harmful prejudice. *Simmons v. Napier*, 626 F. App'x 129, 132 (6th Cir. 2015) (citing *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 541 (6th Cir. 1993)). The Sixth Circuit has explained that "the governing principle in the district court's consideration of a motion for a new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice . . . ." *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (quoting *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation marks omitted)). The party seeking a new trial bears "a heavy burden." *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993).

## ANALYSIS

Plaintiff has raised two discrete issues in support of her Motion for a New Trial, both related to the Court's evidentiary rulings. Motions for new trial based on an erroneous evidentiary ruling

require the Court to evaluate the evidentiary ruling under an abuse-of-discretion standard. *Cummins*, 727 F.3d at 510 (citing *United States v. Morales*, 687 F.3d 697, 701–02 (6th Cir. 2012)). A district court abuses its discretion by relying on clearly erroneous findings of fact, improperly applying the law, or using an erroneous legal standard. *Id.* However, it is not enough for the party moving for a new trial to demonstrate a mistake in admitting or excluding evidence. *Kendel v. Local 17–A United Food & Commercial Workers*, 512 F. App'x 472, 479 (6th Cir. 2013). The moving party must show that the evidentiary error "amounted to more than harmless error." *Field v. Trigg Cty. Hosp., Inc.*, 386 F.3d 729, 736 (6th Cir. 2004). An erroneous evidentiary ruling will justify a new trial only if it was not harmless and affected the outcome of the proceedings. *Cummins*, 727 F.3d at 510 (citations omitted).

The Court holds that Plaintiff has not carried her heavy burden to show a new trial is required to prevent an injustice in this case. First, Plaintiff has not demonstrated that the exclusion of the proof about the Manager Affirmative Action Plan ("MGRAAP") underutilization screen was error, much less that the ruling had an effect on the verdict. Plaintiff argues the Court improperly "excluded critical data regarding the demographics of GOC Managers after Plaintiff was rejected for the 2013 GOC Senior Manager position on Exhibit 71, the MGRAAP underutilization screen from November 6, 2013." But as the Court explained at trial, the proof about the overall composition of GOC posed a risk of confusing the jury. "[T]he exclusion of evidence may be appropriate when the evidence suggests to the jury that it should decide the case on an improper basis." *Journey Acquisition–II, L.P. v. EQT Prod. Co.*, 830 F.3d 444, 460 (6th Cir. 2016) (citing *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011)). The Court continues to hold that the additional proof from the MGRAAP screen was not relevant but would have suggested to the jury that all hiring and

4

staffing decisions in the GOC had relevance to the decision to deny Plaintiff the senior manager GOC position in 2013.

Even if the Court's ruling was error, Plaintiff has not shown that the error was anything more than harmless. Plaintiff acknowledges that the Court allowed proof about the composition of the GOC senior manager staff in 2013. Plaintiff also presented evidence about Fed Ex's affirmative action goals and policies and specifically Tronsor's duty to review the MGRAAP screen as part of Plaintiff's promotional process. Viewed alongside this additional proof, Plaintiff has not shown that the exclusion of the MGRAAP evidence about the overall composition of GOC "more probabl[y] than not" had a "material[ ]" effect on the verdict. *Id.* Therefore, the Motion for New Trial is **DENIED** as to this issue.

Likewise, Plaintiff has not shown that the exclusion of portions of Doyle's testimony about the internal hiring process was error. Plaintiff made a proffer of Doyle's testimony about the hiring process utilized in the selection of GOC managers. But as Doyle testified, she had no personal knowledge of the SMSS process used in Plaintiff's bid for the senior manager position. In fact, the proof showed that Tronsor used the SMSS system for the first time in Plaintiff's promotions process. Plaintiff now contends that the two hiring plans were sufficiently similar and that the Court should have allowed Doyle to testify about Tronsor's ability to influence the outcomes of the process. The jury, however, heard a great deal of testimony about the SMSS process and Tronsor's role in Plaintiff's bid for promotion. The Court cannot find under a balance of the probabilities that the exclusion of proof about Tronsor's role in separate and unrelated hiring decisions under a distinct though similar process had a material effect on the verdict. *Id.*

For the same reasons, Plaintiff has not shown that the exclusion of Doyle's testimony about

5

Tronsor's remark about another female applicant being "cute" was error. Doyle testified that Tronsor made the comment about Debi Minnick in the context of another hiring decision at another time. The Court finds no reason to conclude that its exclusion of this testimony was erroneous or impacted the outcome of the trial. The comment was isolated and unrelated in any way to Plaintiff's promotions process in 2013. Therefore, the Court holds that Plaintiff's Motion for New Trial must be **DENIED** as to this issue.

## **CONCLUSION**

Plaintiff has not shown that the two evidentiary rulings at trial had a material effect on the jury's verdict. As such, Plaintiff's Motion for New Trial is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 30, 2017.